UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA,<br><br>        Petitioner,<br><br>   v.<br><br>P. COVELLO,<br><br>        Respondent. | Case No.  2:23-cv-00328-KJM-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ECF Nos. 12 & 16 |

      Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent filed a motion to dismiss, arguing that four of petitioner's claims—numbers five, seven, ten, and eleven—are unexhausted.  ECF No. 12 at 3.  These claims assert, respectively, that petitioner's motion for a mistrial should have been granted, ECF No. 1 at 64; cumulative error deprived him of his right to a fair trial, *id.* at 84; trial counsel was ineffective in failing to object to hypothetical questions posed to an expert on child abuse expert; and the cumulative effect of the errors at trial violated his Fourteenth Amendment due process rights, *id.* at 142.  In response, petitioner filed a motion for stay and abeyance wherein he argued that he was unaware these claims had not been presented to the highest state court.  ECF No. 16.  Petitioner did not specify what kind of stay he was seeking and, in his reply, respondent opposes a *Rhines* stay, but does not oppose a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).  ECF No. 17 at 5.  I find that the latter is appropriate and recommend granting petitioner's motion on that basis.  Respondent's motion to dismiss should be denied without prejudice.

I find that a *Kelly* stay, rather than a *Rhines* stay, is appropriate because it does not require a showing of good cause—a showing petitioner has not made. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). A *Kelly* stay involves three steps: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and reattaches the newly-exhausted claims to the original petition." *Id.*

Accordingly, it is RECOMMENDED that:

1. The motion to stay, ECF No. 16, be GRANTED and petitioner be granted a *Kelly* stay.

2. If these recommendations are adopted, petitioner be directed to: (1) file an amended petition that contains only his exhausted claims, and (2) move to amend his new petition once he exhausts his claims in state court.

3. Respondent's motion to dismiss, ECF No. 12, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 29, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE