1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD GOSZSTYLA,                    Case No.  2:23-cv-0328-DC-JDP (P)

12                  Petitioner,            **FINDINGS AND RECOMMENDATIONS**

13        v.                               THAT RESPONDENT'S MOTION TO
                                           DISMISS BE GRANTED IN PART
14   P. COVELLO,
                                           ECF No. 29
15                  Respondent.

16

17
         Petitioner Richard Goszstyla, a state prisoner, filed a petition for a writ of habeas corpus
18
   under 28 U.S.C. § 2254 raising thirty-seven claims.  ECF No. 1.  Respondent has filed a motion
19
   to dismiss arguing that four of those claims, numbers five, seven, ten, and eleven, remain
20
   unexhausted[1] and are also untimely.[2]  ECF No. 29.  Petitioner has filed an opposition to the
21

   _____

22        [1] Petitioner previously sought, and was granted, a stay to return to state court and exhaust
   these claims.  ECF Nos. 16, 18, & 20.  On November 6, 2023, petitioner filed a notice indicating
23   that he had exhausted these claims in state court.  ECF No. 22.

24        [2] These claims are: (5) that petitioner's motion for mistrial should have been granted after
   the prosecution introduced evidence that Chantell Gosztyla had been arrested in an unrelated
25   incident, evidence that had been ordered excluded by the trial court in limine; (7) expert
   testimony regarding child sexual abuse accommodation syndrome should have been excluded;
26   (10) trial counsel provided ineffective assistance in failing to object to hypothetical questions that
   allowed an expert to opine that the victim's behavior was consistent with an abused child; and
27   (11) reversal is warranted due to cumulative error.  ECF No. 1 at 64, 86, 129, & 142.

28

                                          1

1  motion, ECF No. 31, and respondent has filed a reply, ECF No. 32.  I find that the motion should
2  be granted in part and three of the four claims be dismissed as untimely.

3       No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F.
4  Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically
5  provided for in the rules but must be inferred from their structure and the Advisory Committee
6  Notes.").  The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the
7  court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however.  *See O'Bremski v.*
8  *Maass,* 915 F.2d 418, 420 (9th Cir. 1991).  Under Rule 4, I evaluate whether it "plainly appears"
9  that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

10       Federal habeas claims must be brought within one year of the state judgment becoming
11  final, either by concluding direct review or by the expiration of such time to seek such review.  28
12  U.S.C. § 2244(d)(1)(A).  Respondent contends that claims five, seven, ten, and eleven were not
13  brought within the limitation period and are now untimely.

14       Petitioner's conviction was finalized on October 23, 2021, when the time period for filing
15  a writ of certiorari with the United States Supreme Court ended.  The clock on the one-year
16  statute of limitations started the next day on October 24, 2021.  ECF Nos. 13-3 & 13-4.  Thus, the
17  limitations period expired one year later, absent any tolling petitioner is entitled to.

18       Days on which a properly filed state habeas petition is pending toll the limitations period.
19  28 U.S.C. § 2244(d)(2).  In California, a petitioner files his habeas petition at the trial court level
20  and then, if relief is not granted, refiles his petition at the next level of review.  This creates
21  "gaps" in the review process that must be evaluated for tolling purposes.  So long as the petitioner
22  files his petition at the next level of review within a "reasonable time," the time between petitions
23  counts toward tolling.  *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010).

24

25  _____

26       There is some confusion as to numbering insofar as the original brief upon which
petitioner relies for much of his petition lists claim seven as one for cumulative error.  *Id.* at 84.
27  Petitioner, however, has marked a different subsection with the numeral for seven.  *Id.* at 86.  I
consider this more recent marking the correct enumeration.  If that is not correct, either party may
28  state as much in its objections to these recommendations.

2

1     Respondent argues that, from the start of the limitations period on October 24, 2021 until

2    the filing of the first petition containing the relevant claims on May 18, 2022, ECF No. 13-5, 206

3    days elapsed.  He concedes that petitioner is entitled to tolling from May 18 until February 15,

4    2023.  ECF No. 29 at 6.

5     Petitioner did not file another petition until 152 days later, on July 17, 2023, when he filed

6    another petition with the California Supreme Court.  ECF No. 30-1.  This petition was filed after

7    plaintiff received a stay in this case and returned to state court to exhaust the claims at issue.  This

8    152-day period, as respondent correctly contends, does not fall into the "reasonable" gap time

9    and, thus, does not toll the limitations period.  *See Chaffer*, 592 F.3d at 1048 (finding delays of

10    101 and 115 days between petitions to be unreasonable).  Thus, only seven days of the one-year

11    statute of limitations remained at the time the July 17, 2023 petition was filed.

12     Respondent contends that the July 17, 2023 also did not toll the limitations period because

13    the California Supreme Court determined it was successive and improperly filed.  ECF No. 30-2.

14    Thus, it did not toll the limitations period, which expired on July 24, 2023.  *See Porter v. Ollison*,

15    620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the

16    petition cannot be untimely or an improper successive petition.").

17     In his opposition, petitioner argues that these claims must be timely, because this court

18    gave him leave to return to state court and exhaust them when it granted him a *Kelly*[3] stay.  ECF

19    No. 31 at 2.  As respondent points out in his reply, however, a petitioner utilizing a *Kelly* stay

20    must demonstrate the timeliness of the previously unexhausted claims that were dismissed and

21    that he now seeks to add back.  *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009) ("A

22    petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back

23    into his federal petition once he has exhausted them only if those claims are determined to be

24    timely.").

25     The claims might still proceed if they relate back to claims in the original petition.  To

26    relate back, it is insufficient that the untimely claims arise from the same trial or conviction,

27

28

---

[3] *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).

however.  *See Mayle v. Felix*, 545 U.S. 644, 662 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.").  Instead, claims relate back only if they are "tied to a common core of operative facts."  *Id.* at 664.  The question is complicated here by the high number of claims, upwards of thirty, that are in the current petition.  Moreover, neither party has argued or briefed this issue.  Having considered the claims that remain operative in the petition, I conclude that claims numbered five, seven, and ten do not relate back.  Each of these raises a specific claim about specific evidence (or trial counsel's failure to challenge such evidence) and, thus, the common core of facts does not exist.  The claim of cumulative error presents a closer call insofar as it appears to have been drafted by counsel, perhaps on direct review, and appended as an attachment to a *pro se* pleading.  Thus, it mentions "the errors described above," despite, as the current petition is drafted, most of the claims follow it in order.  ECF No. 1 at 142.  Nevertheless, it refers to claims that are operative, such as the erroneous jury instruction in claim nine.  *Id.* at 120.  Thus, I find that this claim relates back and decline to dismiss it.

Accordingly, I recommend that respondent's motion to dismiss ECF No. 11, be GRANTED IN PART and claims 5, 7, & 10, described above in footnote two, be DISMISSED as untimely.  The motion should be denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   October 30, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE